WILLIS LUCRO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lucro v. Commissioner
Docket No. 16424-82.
United States Tax Court
T.C. Memo 1985-32; 1985 Tax Ct. Memo LEXIS 604; 49 T.C.M. (CCH) 562; T.C.M. (RIA) 85032; January 15, 1985. Willis Lucro, pro se. Timothy S. Murphy, for the respondent. CLAPP MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes: Section 6653(b)
Section 6654(a)
Year
Deficiencies
Additions to Tax
Addition to Tax
1976
$348.00
$174.00
1977
2,241.00
1,120.50
1978
1,191.00
995.50
29.39
1979
2,290.00
1,145.00
57.13
1980
1,762.00
881.00
61.67
The issues for decision are: (1) whether petitioner had income for the years in *605 issue and should have filed a tax return, (2) whether any part of the underpayment of taxes for any of the years in issue was due to fraud under section 6653(b) [1], and, (3) whether petitioner is liable for an addition to tax pursuant to section 6654(a) for the tax years 1978, 1979, and 1980 for failure to pay estimated tax. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided at 67976 Van Dyke, Romeo, Michigan 48065, when he filed his petition in this case. During the years 1976 through 1980 Willis Lucro was employed by the Ford Motor Company. He received income from Ford for each of those four years. In addition, petitioner also received "supplemental unemployment benefits" in 1977, 1978, and 1980. On or about June 21, 1976, petitioner completed a Form W-4 for Ford upon which he claimed 12 withholding exemptions. On petitioner's 1975 income tax return, filed in March 1976, on which he had reported his wages as income, *606 he claimed only seven exemptions. Apparently, as of December 30, 1975, petitioner had five children. Mr. Lucro did not file his 1976 return on time. Rather, in late May 1979, he filed three documents purporting to be his 1976, 1977, and 1978 returns. In early August 1979, respondent by way of a letter informed Mr. Lucro of the insufficiency of the documents sent, and that they were not acceptable returns for 1977 or 1978. Seemingly responding to the letter, petitioner sent to respondent similar documents to the ones sent in May providing no information and not rising to the level of federal tax returns. Petitioner's only excuse, feeble as it may be, for not filing returns for 1976-1980 is that "what I received was not income." He has not, however, provided any information to respondent or evidence at trial contradicting the adjustments made by respondent relating to his tax liability for 1976-1980. Instead, Mr. Lucro has demanded a jury trial and made groundless assertions about objections to the "bias" of the Tax Court and the presiding Judge. OPINION Respondent's determinations as to petitioner's tax liabilities and addition to tax pursuant to section 6654(a) *607 are presumed correct, unless petitioner proves otherwise. Rule 142(a) [2]. At trial, Mr. Lucro presented no evidence whatsoever with respect to the deficiencies or to the additions to tax under section 6654(a). We therefore agree with respondent's determinations and decide those issues against petitioner. In order to sustain the addition to tax under section 6653(b), respondent has the burden of proving that some part of the underpayment for each year was due to fraud. This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. ; . The existence of fraud is a question of fact to be resolved upon consideration of the entire record. , affd. in unpublished opinion (8th Cir. 1978). Fraud will never be presumed. . *608 It may, however, be proven by circumstantial evidence derived from evaluating the taxpayer's entire course of conduct which establishes the requisite fraudulent intent. . It has been previously held that without more, the failure to file tax returns is not proof of fraud. ;. The failure to file may be considered along with other facts in determining whether any part of the underpayment of tax is due to fraud. In the instant case, petitioner knew that wages are income giving rise to an obligation to file a return and pay taxes, as evidenced by his proper filing of his 1975 return. Petitioner also knew how many personal exemptions to which he was entitled. On his 1975 return, he claimed seven exemptions--five children and one for his spouse and himself. Despite the fact that he knew that for federal tax purposes he was permitted seven exemptions, he falsely completed a Form W-4 for his employer, claiming 12 exemptions. Mr. Lucro's actions *609 prevented the correct amount of payment of taxes through withholding. Although some amounts were withheld, the false W-4 Form limited improperly the amount withheld. Petitioner stated at trial that "my wages according to my feeling are not taxable." Mr. Lucro's "feeling" is wrong. Notwithstanding his "feeling," petitioner is not excused from falsifying the information on his W-4 Form. . A belief that the law is wrong or a mistaken belief that a section is unconstitutional, and that one has a right to violate it, is not a defense to a criminal prosecution for filing a false or fraudulent W-4 Form in violation of section 7205. ;. A fortiori, the filing of false certificates claiming an excess number of exemptions, as Mr. Lucro did, is evidence of fraud by the lesser standard of proof applicable in a civil proceeding. ;. In conclusion, Mr. Lucro's filing of his 1975 return is *610 illustrative of his prior knowledge that his wages are income and that his receipt thereof engenders an obligation to file a return, report, and pay those taxes attributed to his wages. His failure to file returns for 1976-1980, augmented by his execution of a false Form W-4, provides affirmative indication of his motivation to conceal his income from taxation. Therefore, we find that respondent has proven that at least some part of petitioner's underpayment was due to fraud, and thus the imposition of an addition to the tax for fraud is warranted. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the years in issue.↩
2. All references to Rules are to the Tax Court Rules of Practice and Procedure.↩